UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JAVIER GONZALEZ,
                               Plaintiff,

                                                                  21 Civ. 3317 (LGS)

              -against-

                                                                    <u>ORDER</u>

HEALTHY MARKET PLACE CORP., *et al.*,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 3, 2022, the parties filed the settlement agreement and a joint letter explaining why the Court should approve the settlement as fair and reasonable;

       WHEREAS, the settlement agreement requires payment of attorneys' fees, and the Court reviewed the contemporaneous time records and the breakdown of Plaintiff's counsel's fees.  It is hereby

       **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

       **ORDERED** that Plaintiff's counsel's request for $5,433.30 is **GRANTED**.  This amount includes costs and settlement payment to Plaintiff's counsel, which is below the lodestar amount and approximately one-third of the settlement.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016)

(summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee"); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiff.

The Clerk of Court is respectfully directed to close this case.

Dated: March 4, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE